# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAULA GORDON, | ) | Case No.: 1:18-cv-0007 - DAD - JLT |
| Plaintiff, | ) ) | ORDER AFTER INFORMAL TELEPHONIC CONFERENCE RE DISCOVERY DISPUTE |
| v. | ) ) | |
| NEXSTAR BROADCASTING, INC., et al., | ) ) | (Doc. 74) |
| Defendants. | ) ) ) | |

The plaintiff claims she suffered sexual harassment by defendant Mendoza while employed by Nexstar. The parties agree the defendants may image the plaintiff's cell phone related to texts sent and received by the plaintiff (related to certain specified people). The dispute concerns two, sexually explicit images[1] Mr. Mendoza claims that the plaintiff showed to him and/or allowed him to see and which were contained on the plaintiff's cell phone. At the conference, the attorneys agreed as to the scope of the discovery of the plaintiff's cell phone related to two, specific images. As to these images[2], the Court **ORDERS**:

---

[1] The Court uses this term loosely to encompass still and video images.

[2] They will proceed as they have previously agreed related to the texts (which includes production of any attachments to the relevant text messages) except that the plaintiff will produce an image of the phone, rather than the phone itself. If the IT vendor finds the image produced by the plaintiff to be defective in any fashion, counsel SHALL meet and confer to determine how to resolve the issue. The likely outcome will be that the plaintiff will produce the actual phone at a time and place agreed upon to allow the IT vendor to image the phone.

1

1. The IT vendor may search the phone for the two images at issue[3] existing on the phone from August 2013 to July 2016. The first image at issue purportedly depicts the plaintiff topless and the second depicts the plaintiff performing oral sex on a man. If the IT vendor locates either image or locates images believed to be either image, the vendor SHALL produce these images only to the plaintiff's attorney for a "first look."[4] These images SHALL NOT be produced or shown to defense counsel by the IT vendor;

2. After reviewing the images collected, if any, plaintiff's counsel SHALL determine whether any image is responsive and, if so, SHALL produce them within a reasonable time. If counsel cannot determine whether the images are responsive, he may request the Court conduct an in camera review of the images.

IT IS SO ORDERED.

Dated: **December 18, 2018**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

---

[3] See footnote 1.

[4] The procedure set forth in the parties' stipulation more fully describes this process. The Court does not intend to usurp that description here in any fashion.