UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA GORDON, | Case No.: 1:18-cv-0007 - DAD - JLT |
| Plaintiff, | ORDER AFTER INFORMAL TELEPHONIC CONFERENCE RE DISCOVERY DISPUTE; |
| v. | ORDER AMENDING THE CASE SCHEDULE RELATED TO EXPERT DISCOVERY |
| NEXSTAR BROADCASTING, INC., et al., | |
| Defendants. | (Doc. 87) |

The plaintiff claims she suffered sexual harassment by defendant Mendoza while employed by Nexstar. After the company learned of Ms. Gordon's employment complaint, Nexstar outsourced the investigation of it. The investigator, Ms. Underwood, happens to be an attorney, though Nexstar does not seek to assert any evidentiary privileges based upon this fact. As documented in her report, Nexstar precluded Ms. Underwood from interviewing another employee, Ms. Duran, who also complained about Mr. Mendoza sexually harassing her.

In connection with discovery in this action, Nexstar provided a complete copy of the investigation. Nexstar reports it withheld information related to this investigation only to assert privileges and, when it did so, provided a detailed privilege log. Ms. Underwood also submitted to deposition. At the deposition, plaintiff's counsel asked Ms. Underwood questions about what Nexstar's attorney told her related to interviewing Ms. Duran. Nexstar objected to these questions based upon the attorney-client privilege/attorney work product among other grounds and instructed her not to answer.

1

In the current dispute, the plaintiff seeks to require Ms. Underwood to respond to the unanswered deposition questions and for the withheld investigatory information to be provided. At the telephonic conference, counsel could not come to a compromise to resolve the dispute.

At the conference, counsel also discussed concerns about expert discovery. As noted in their earlier stipulation (Doc. 84), they have disclosed affirmative experts but have not provided reports (except that the plaintiff has produced the report for her expert economist). The defense now realizes it will need two rebuttal experts and needs additional time to obtain retain them and to produce their expert reports. Thus, the Court **ORDERS**:

1. The plaintiff may file her notice of motion to compel no later than April 19, 2019. If she does, counsel SHALL comply with Local Rule 251 and file a joint statement[1] in due time;

2. The case schedule is amended as follows:

    a. By April 19, 2019, counsel SHALL have set the deposition schedule of all experts that have been disclosed to date;

    b. The defense SHALL identify their rebuttal experts to plaintiff's counsel and report the experts' availability for deposition no later than April 19, 2019;

    c. The defense SHALL serve the rebuttal expert economist's report no later than May 1, 2019;

    d. The defense SHALL serve the rebuttal expert human resources' report no later than May 10, 2019;

    e. All expert discovery SHALL be completed no later than May 17, 2019.

IT IS SO ORDERED.

Dated: __**April 9, 2019**__  __/s/ Jennifer L. Thurston__
UNITED STATES MAGISTRATE JUDGE

---

[1] The joint statement SHALL be formatted in a point/counterpoint as to each distinct issue.

2