UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA GORDON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEXSTAR BROADCASTING, INC. et al.,<br><br>　　　　　Defendants. | No. 1:18-cv-00007-DAD-JLT<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO SEAL<br><br>(Doc. No. 101) |

On June 21, 2019, defendants Nexstar Broadcasting, Inc. and Erik Mendoza filed motions for summary judgment in this action. (Doc. Nos. 100, 102.) In connection with those motions, those same defendants filed notice of a request to file documents under seal pursuant to Local Rule 141. (Doc. No. 101.) Having reviewed the materials that defendants seek to have sealed, the court will grant defendants' request.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits

/////

/////

/////

1

of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").[1]
"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

Under the "compelling reasons" standard applicable to dispositive motions such as defendant's motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks and citations omitted). The party seeking to seal a

/////

---

[1] Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or in limine—though such motions are not dispositive—may be governed by the "compelling reasons" test, predicated on the right of access and the need to "provide the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). In keeping with this principle, requests to seal documents relating to motions for a preliminary injunction have been found by the Ninth Circuit to "more than tangentially relate[] to the merits" because success on the motion for a preliminary injunction would have resolved a portion of the claims in the underlying complaint. *Ctr. for Auto Safety*, 809 F.3d at 1102.

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

**ANALYSIS**

Because defendants request sealing in connection with a motion for summary judgment, the "compelling reasons" standard plainly applies. However, even under that higher standard, the court finds that the documents in question should remain sealed. There appears to be little value to the public in releasing these materials which consist largely of text messages among various

3

parties to this action, many of which are of a private and personal nature. These conversations frequently include discussions of intimate activities, in some cases accompanied by photographs. This material therefore appeals largely to the prurient interest and, as such, the court finds they should not appear on the public docket. *See Valley Broadcasting Co. v. U.S. Dist. Court*, 798 F.2d 1289, 1294 (9th Cir. 1986) (Factors that may overcome the presumptive right to access "would be the likelihood of an improper use, 'including publication of scandalous, libelous, pornographic, or trade secret materials . . . .'"). Here, having weighed the interests advanced by the parties in light of the public interest and the duty of the court, defendant's request to file documents under seal pursuant to Local Rule 141 will be granted.

Accordingly,

1. Defendants' request to seal (Doc. No. 101) is granted; and
2. The court orders that the Declaration of Angel R. Sevilla and the exhibits attached thereto be sent via email to ApprovedSealed@caed.uscourts.gov for filing under seal on the docket.

IT IS SO ORDERED.

Dated: __**June 26, 2019**__

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE